UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDSAY JOSEPH,

    Plaintiff,

v.                                                        Case No. 8:23-cv-1768-SDM-SPF

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Defendant's Motion to Compel Plaintiff's Discovery Responses (Doc. 12). Upon consideration, Plaintiff's Motion to Compel is DENIED.

Here, Defendant asks the Court to compel Plaintiff to respond to its First Set of Interrogatories and First Requests for Production (Doc. 12-1), which were served on Plaintiff on June 28, 2023. The Requests for Production were served on Plaintiff while this case was proceeding in state court (*Id.*). Defendant removed this action to federal court August 8, 2023 (Doc. 1). As explained below, the Federal Rules of Civil Procedure do not authorize a motion to compel directed to outstanding discovery served under the procedural rules of state court.

28 U.S.C. § 1450 provides, in relevant part, that "[w]henever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court." While this may appear to support Defendant's motion, federal courts have generally declined to treat outstanding discovery requests as "proceedings" as mentioned in § 1450. *See, e.g.*, *McIntyre v. K-Mart Corp.*, 794 F.2d

1023, 1025 (5th Cir. 1986) ("An abundance of case law substantiates the notion such discovery requests do not count as 'proceedings' pursuant to 28 U.S.C. § 1450, and are thus nullified upon removal to Federal court."); *see also Wilson ex. rel. Est. of Wilson v. Gen. Tavern Corp.*, No. 05-81128 CIV RYSKAMP, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006) ("Discovery served in state court becomes null and ineffective upon removal."). Further, the "removal of this action to federal court requires compliance with the Federal Rules of Civil Procedure." *Wilson*, 2006 WL 290490, at *1.

In short, Defendant is not entitled to an order compelling Plaintiff to respond to its discovery requests. In *Schutz v. Oliveras*, the court further expanded on the rationale preventing this Court from enforcing pre-removal discovery:

> In this case, unlike *Dririte* and *Wilson*, the parties have conducted their Rule 26(f) case management conference and they are now within the discovery period set forth in the Court's Case Management and Scheduling Order. Nonetheless, Plaintiff is not entitled to an order compelling Defendant to respond to discovery requests served prior to removal. Rule 37(a)(3) permits a party to enforce discovery propounded under the Federal Rules of Civil Procedure. Here, Plaintiff's discovery requests were not propounded under either Rule 33 or Rule 34 and instead were propounded under the Florida Rules of Civil Procedure. The Federal Rules of Civil Procedure do not provide this Court with authority to compel a party to respond to discovery served under state procedural rules before removal.

No. 8:19-cv-1763-T-30JSS, 2019 WL 13246972, at *2 (M.D. Fla. Oct. 15, 2019) (docket citations omitted).

Moreover, the Court notes that Defendant failed to meaningfully comply with Local Rule 3.01(g) and Federal Rule of Civil Procedure 37(a), which require Defendant to have carried out a good-faith conference with Plaintiff's counsel prior to filing the motion. Local Rule 3.01(g) requires a party submitting a non-dispositive motion to include a statement in the motion that (1) certifies that moving party conferred with the opposing counsel in a good

2

faith effort to resolve the motion and (2) states whether counsel agree on the resolution of all or part of the motion. L.R. 3.01(g), M.D. Fla. The term "confer" in Rule 3.01(g) means a substantive discussion. Middle District Discovery (2021) at I.A.2. Rule 37 includes a similar conferral requirement. Fed. R. Civ. P. 37(a)(1) (a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). These rules prevent the involvement of the Court in matters that can be easily resolved by the parties.

      Here, Defendant's counsel did not confer with Plaintiff's counsel in a good faith effort to resolve the motion. Instead, Defendant sent an e-mail to Plaintiff's counsel asking for the discovery responses by a date certain "to avoid a motion to compel" (Doc. 12-2). A cryptic e-mail satisfies neither Rule 37's demands or Local Rule 3.01(g)'s conferral requirements. *See, e.g.*, *Williams v. Bd. of Cty. Comm'rs,* 192 F.R.D. 698, 700 (D. Kan. 2000) (a single letter to opposing counsel demanding discovery be produced by a specific deadline does not satisfy the duty to confer imposed by Rule 37(a); instead, the duty requires counsel to "converse, confer, compare views, consult, and deliberate"). In addition, "[a]t least one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to 'mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.'" *Espinal v. Pro. Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM, 2010 WL 4392912, at *1 (M.D. Fla. Oct. 29, 2010) (quoting *Davis v. Apfel*, No. 6:98-cv-651-Orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000)).

      Accordingly, it is hereby

      **ORDERED**:

Defendant's Motion to Compel Plaintiff's Discovery Responses (Doc. 12) is **DENIED**.

**ORDERED** in Tampa, Florida, October 5, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE